UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIERO A. BUGONI,<br><br>       Plaintiff,<br><br>   v.<br><br>CHECKR INCORPORATED, et al.,<br><br>       Defendants. | Case No.  21-cv-05791-JSC<br><br>**SCREENING ORDER** |

Piero Bugoni, who is proceeding without counsel, brings claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. against Checkr, DoorDash, InstaCart, Lyft, and Uber. (Dkt. No. 1.)  Having granted Mr. Bugoni's application to proceed in forma pauperis, (*see* Dkt. No. 5), the Court now screens the complaint pursuant to 28 U.S.C. § 1915.

## COMPLAINT ALLEGATIONS

Mr. Bugoni, a resident of Florida, is an experienced delivery driver. (Dkt. No. 1 at ¶ 9.) When he began "accepting the contractual offers" to do delivery work he discovered "that it is only offered to those who allow themselves to be illegally investigated by Delivery Defendants and illegally reported upon by Defendant 'Checkr.'" (*Id*. at ¶ 11.)  The Delivery Defendants are DoorDash, InstaCart, Lyft, and Uber, and Checkr is a consumer reporting agency. (*Id*. at ¶¶ 6, 11.)  The Delivery Defendants "'procure 'Background Checks' from Checkr in violation of FCRA § 1681b(f)." (*Id*. at ¶ 12.)  Checkr furnishes these background checks in violation of § 1681b(a). (*Id*. at ¶ 13.)  The Delivery Defendants refuse to contract with individuals, such as Mr. Bugoni, who do not allow the Delivery Defendants to "illegally investigate them" and use Checkr. (*Id*. at ¶¶ 14, 24.)  As a result, Mr. Bugoni and others are denied "Economic Opportunity." (*Id*. at ¶ 15.)

Mr. Bugoni pleads six claims for relief: (1) violation of FCRA § 1681b(a) as to Checkr; (2)

violation of FCRA § 1681b(f) as to the Delivery Defendants; (3) violation of FCRA § 1681b(a)(2) as to Checkr; (4) violation of FCRA §§ 1681g, 1681j, and 1681e as to Checkr; (5) tortious and criminal interference with prospective interstate commerce as to Checkr; and (6) a challenge to the constitutionality of the FCRA itself.

## LEGAL STANDARD

The Court has a continuing duty to dismiss any case in which a party is proceeding in forma pauperis upon a determination that the case is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The standard of review under 28 U.S.C. § 1915(e)(2) mirrors that of Rule 12(b)(6). *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). Thus, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facial plausibility standard is not a "probability requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). To avoid dismissal, a complaint must contain more than "naked assertion[s]," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-57. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When a plaintiff files a complaint without being represented by a lawyer, the court must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (internal quotation marks and citation omitted).

## DISCUSSION

Mr. Bugoni pleads three categories of claims: (1) claims under the FCRA, (2) interference with interstate commerce, and (3) a constitutional challenge to the FCRA. None of these claims are adequately pled.

**A. The FCRA Claims**

The purpose of the FCRA is to protect consumers from the transmission of inaccurate

1  credit information. *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010).  As

2  such, the FCRA permits consumer reporting agencies to furnish consumer reports under specific

3  circumstances and subject to specific conditions. 15 U.S.C. § 1681b; 15 U.S.C. § 1681e(a).

4  Mr. Bugoni alleges that Defendants violated a number of different provisions of the FCRA, but he

5  has failed to state a claim under any.

### 1. Violation of FCRA § 1681b(a)

In his first claim for relief, Mr. Bugoni alleges that Checkr violated FCRA § 1681b(a) by furnishing a credit report for individuals operating as independent contractors.  (Dkt. No. 1 at ¶ 23.)  Section 1681b(a) provides that a "consumer reporting agency may furnish a report" to certain categories of persons and no others.  *See also TRW Inc. v. Andrews*, 534 U.S. 19, 23 (2001) (stating that FCRA § 1681b "limit[s] the furnishing of [such reports] to" certain statutorily enumerated purposes).  To state a claim under this section, a plaintiff must show that (1) the defendant maintained a consumer credit report and (2) provided the credit report to a third party without (3) a permissible purpose under § 1681b. *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 674 (9th Cir. 2010).  Here, Mr. Bugoni does not allege that Checkr actually furnished a credit report about him; instead, he alleges that he was "denied offers of business from Delivery Defendants for Plaintiff not allowing himself to be illegally investigated and reported upon by Defendant [Checkr]."  (Dkt. No. 1 at ¶ 24.)  Accordingly, Mr. Bugoni has not pled a plausible claim for relief under § 1681b(a).

### 2. Violation of FCRA § 1681b(f)

Mr. Bugoni's second claim for relief alleges that the Delivery Defendants violated FCRA § 1681b(f) by requiring independent contractors to consent to Checkr's illegal background check in order to obtain work.  (Dkt. No. 1 at ¶¶ 26-28.)  This claim fails for the same reason Plaintiff's first claim fails—he does not allege that the Delivery Defendants received a credit report from Checkr.  *See Nayab v. Cap. One Bank (USA), N.A.*, 942 F.3d 480, 497 (9th Cir. 2019) (finding that to state a plausible claim for relief under Section 1681b(f), a plaintiff must show that a third-party received a credit report not for an authorized purposed).

//

United States District Court
Northern District of California

### 3. Violation of FCRA § 1681b(a)(2)

Mr. Bugoni's third FCRA claim is that Checkr violates Section 1681b(a)(2) because it does not obtain or provide written instructions to the consumer to whom the credit report relates. (Dkt. No. 1 at ¶¶ 32-33.) However, Section 1681b(a) lists the circumstances under which a credit agency may furnish a consumer report—subsection (2) of which provides that the credit agency may do so "in accordance with the written instructions of the consumer to whom it relates." 15 U.S.C. § 1681b(a)(2). It does not impose a requirement that a consumer provide written instructions each time a credit report is furnished. *See Bultemeyer v. CenutryLink, Inc.*, No. CV-14-02530-PHX-SPL, 2020 WL 6063256, at *3 (D. Ariz. Oct. 14, 2020) ("lack of written permission alone is insufficient to show a FCRA violation."). But even if Section 1681b(a)(2) can be read as including such a requirement—of which the Court is not persuaded—Mr. Bugoni has not shown any injury. Instead, he alleges a procedural violation. (Dkt. No. 1 at ¶ 34 ("if Checkr[] accepted and acted in accordance with Plaintiff's Written Instructions…Plaintiff would be able to accept the offers of contract business…").) "A plaintiff who alleges a 'bare procedural violation' of the FCRA, 'divorced from any concrete harm,' fails to satisfy Article III's injury-in-fact requirement." *Syed v. M-I, LLC*, 853 F.3d 492, 499 (9th Cir. 2017) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 856 (2016), as revised (May 24, 2016)).

### 4. Violation of FCRA §§ 1681g, 1681j

Mr. Bugoni's final FCRA claim is that Checkr violated FCRA §§ 1681g and 1681j by failing to provide a free annual copy of his consumer file. (Dkt. No. 1 at ¶ 40.) Mr. Bugoni alleges that he could not find information on Checkr's website about how to obtain a free annual report and when he called Checkr, the recorded message did not mention obtaining a copy of his credit report and he waited on hold for 10 minutes but did not speak to anyone. (*Id*. at ¶¶ 38-39.) Mr. Bugoni has not alleged a colorable claim under Section 1681g because it requires the consumer credit reporting agency to provide the report or consumer file "upon request" and Mr. Bugoni does not allege that he made a request. 15 U.S.C. § 1681g(a). Section 1681j similarly requires disclosures "upon request of the consumer." 15 U.S.C. § 1681j(a)(1)(A).

To the extent that Mr. Bugoni alleges that Checkr did not provide "reasonable procedures"

4

by which he can maintain the maximum possible accuracy of his consumer file in violation of Sections 1681g, 1681j, and 1681e, this conflates the language of the three FCRA provisions. (Dkt. No. 1 at ¶ 42.) Section 1681g and section 1681j impose certain requirements on a credit reporting agency in responding to consumer requests regarding their files. Section 1681e(b) provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." "Liability under § 1681e(b) is predicated on the reasonableness of the credit reporting agency's procedures in obtaining credit information." *Guimond v. TransUnion Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995) (collecting cases). Mr. Bugoni has not plausibly alleged that Checkr violated section 1681e(b) by failing to follow reasonable procedures to ensure the maximum accuracy of the information it collects about him (to the extent that it collects any such information).

\*\*\*

In sum, Mr. Bugoni has failed to plausible claim for relief under the FCRA.

## B. Interference with Interstate Commerce Claim

Mr. Bugoni's fifth claim for relief is that Checkr tortiously and criminally interfered with prospective interstate commerce. (Dkt. No. 1 at ¶¶ 43-53.) Neither the factual nor legal basis for this claim is clear. The claim appears to be based on the allegations that "Plaintiff contracting with Delivery Defendants constitutes Interstate Commerce and Checkr "interlopes in the business between Plaintiff and Delivery Defendants." (*Id.* at ¶¶ 44, 53.) However, Mr. Bugoni does not identify a statutory or other legal basis for this claim. Mr. Bugoni's fifth claim for relief thus fails to state a cognizable claim.

## C. Constitutional Challenge to the FCRA

Finally, Mr. Bugoni's sixth claim for relief states that "Plaintiff hereby notifies the Court that the FCRA, (15 U.S. Code § 1681 et seq.), may be unconstitutional in its entirety and may affect Count 4 supra." (Dkt. No. 1 at ¶ 54.) Mr. Bugoni, however, does not identify the basis for his constitutional challenge. Accordingly, his sixth claim for relief likewise fails to state a cognizable claim.

**CONCLUSION**

For the reasons set forth above, Mr. Bugoni's complaint fails section 1915 review. Mr. Bugoni may file an amended complaint **within 30 days**. If Mr. Bugoni does not respond to this Order or if his amended complaint fails to state a claim, the Court may prepare a report and recommendation recommending that a district judge dismiss the complaint.

**The Court encourages Mr. Bugoni may to seek free assistance from the Northern District's Legal Help Center by calling (415) 782-8982.**

**IT IS SO ORDERED.**

Dated: August 12, 2021

JACQUELINE SCOTT CORLEY
United States Magistrate Judge